<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| |
|---|
| JANET PAYNE, EXECUTRIX OF THE ESTATE OF RANDALL PAYNE, DECEASED<br><br>     Plaintiff,<br><br>                v.<br><br>LABORATORY CORPORATION OF AMERICA HOLDINGS D/B/A LABCORP,<br><br>     Defendants/Third-Party Plaintiff,<br><br>                v.<br><br>ALVIN HALL, M.D., and SURGICAL PATHOLOGY CONSULTANTS, LLC,<br><br>     Third Party-Defendants |

Case No. 11-2713 (PGS)

<u>**MEMORANDUM**</u>

This matter comes before the Court on a motion by Third-Party Defendants Alvin Hall, M.D. ("Dr. Hall") and Surgical Pathology Consultants, LLC, ("SPC") to dismiss the Third-Party Complaint filed by Laboratory Corporation of America Holdings d/b/a LabCorp ("LabCorp"). Dr. Hall and SPC contend that LabCorp's Third-Party Complaint should be dismissed because of LabCorp's alleged failure to file a timely affidavit of merit ("AOM") pursuant to the requirements of the New Jersey Affidavit of Merit Statute, N.J.S.A. § 2A:53A-26 et seq. ("AOM Statute"). After consideration of the parties' written submissions, and without holding oral argument pursuant to Local Civil Rule 78.1, the Court denies the motion to dismiss by Dr. Hall and SPC (ECF No. 55).

**I.**

Randall and Janet Payne filed a complaint against LabCorp on May 11, 2011. On July 31, 2012, Plaintiff Janet Payne, Executrix of the Estate of Randall Payne, deceased, filed an Amended Complaint bringing a medical malpractice, wrongful death, and survival action against LabCorp (ECF No. 52). The Amended Complaint alleges that in early February 2008, Randall Payne's physician, Daniel Boyle, M.D., excised a portion of skin from Mr. Payne's left upper arm, and submitted the skin sample to LabCorp's Raritan, New Jersey laboratory facility, to be evaluated, interpreted, and diagnosed. The Amended Complaint claims that in late February 2008, LabCorp, through its agents, etc., including Dr. Hall, issued a report for the pathology slide of Randall Payne, as "Skin Excision, Left Arm: Traumatized Compound Melanocytic Nevus of the Skin. Inked Margins are Clear in the Plane of Section."

Randall Payne died on June 6, 2012. The Amended Complaint contends that the February of 2008 pathology slide was incorrectly interpreted by LabCorp, its agents, etc. The Amended Complaint further contends that the February 2008 pathology slide was interpreted as a compound melanocytic nevus—a benign condition—but was actually melanoma in situ. Plaintiff alleges that as a result of the improper interpretation of the February 2008 pathology slide, Randall Payne's melanoma was not diagnosed, and was permitted to grow, spread, metastasize, and ultimately develop Level IV melanoma.

Philip E. Shapiro, M.D., and Barry L. Singer, M.D. submitted AOMs which were attached to the original complaint. Both Dr. Shapiro and Dr. Singer opined that "there exists a reasonable probability that the care, skill or knowledge exercised in the medical treatment provided by LabCorp and its pathologist Alvin Hall, M.D. fell outside acceptable professional standards." (ECF No. 1-1, ¶ 2; ECF No. 1-2, ¶ 2).

LabCorp filed a Third-Party Complaint against Dr. Hall and SPC alleging the following causes of action:  breach of contract, common law indemnity, and contribution pursuant to the Joint Tortfeasors Contribution Law, N.J.S.A. § 2A:53-1 et seq.  In the Third-Party Complaint, LabCorp alleges that it entered into a Pathology Services Agreement ("PSA") with SPC, whereby SPC and Dr. Hall, as the sole shareholder in SPC, agreed to provide professional pathology services on an independent contractor basis to LabCorp.  Pursuant to the PSA, LabCorp provided the pathology sample taken from Randall Payne to Dr. Hall and SPC.  According to the Third-Party Complaint, Dr. Hall personally examined the pathology sample and issued his report.  LabCorp further alleges that the PSA includes an indemnification clause, wherein Dr. Hall and SPC agree to "indemnify and save harmless LabCorp . . . from any and all damages, liabilities, claims, costs, reasonable attorney's fees and other expenses arising from or related to malpractice claims or lawsuits against LabCorp . . . arising out of the personal examination by Pathologist [Dr. Hall] of any pathology specimen." (ECF No. 57-1, ¶ 13).  SPC and Dr. Hall alleges that LabCorp was required to file an AOM pursuant to statute with respect to its Third-Party Complaint, and seeks dismissal of the Third Party Complaint.

## II.

Rule 12(c) states that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  The standards governing Rule 12(c) motions are the same ones that govern motions to dismiss under Rule 12(b)(6).  *Spruill v. Gillis*, 372 F.3d 218, 223 n.2 (3d Cir. 2004).

On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-

moving party.  *See, e.g., Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 (3d Cir. 1994).  A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim.  *Iqbal*, 129 S. Ct. at 1950.  The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail.  *Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2000), *cert. denied*, *Forbes v. Semerenko*, 531 U.S. 1149 (2001).

### III.

Dr. Hall and SPC move to dismiss LabCorp's Third-Party Complaint for failure to file an AOM.  The AOM Statute is "substantive state law that must be applied by federal courts sitting in diversity."  *Chamberlain v. Giampapa*, 210 F.3d 154, 161 (3d Cir. 2000).  The AOM Statute provides, in part:

> In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices.  N.J.S.A. § 2A:53A-27.

A "licensed person" includes physicians, and a failure to provide an AOM ordinarily results in dismissal of the complaint.  N.J.S.A. § 2A:53A-26-27.

The overall purpose of the AOM Statute is "to require plaintiffs in malpractice cases to make a threshold showing that their claim is meritorious, in order that meritless lawsuits readily could be identified at an early stage of litigation."  *Alan J. Cornblatt, P.A. v. Barow,* 153 N.J. 218, 242 (1998).  To that end, the AOM Statute is "designed to weed out frivolous lawsuits at an

early stage and to allow meritorious cases to go forward." *Galik v. Clara Maass Med. Ctr.*, 167 N.J. 341, 771 A.2d 1141, 1147 (N.J. 2001).

Here, Plaintiff filed two AOMs with the original complaint. Both AOMs specifically state that there was a reasonable probability that the care provided by Dr. Hall fell outside acceptable professional standards. As such, the purpose of the AOM Statute has been met in this case.

Further, where a third-party complaint derives from a malpractice claim asserted by the plaintiff, and "seeks only to direct the claims made by the plaintiff from the only named defendant to the party at fault rather than . . . to raise a new affirmative claim," the third-party plaintiff does not have to file an AOM. *Geiss v. Target Corp.*, 2011 U.S. Dist. LEXIS 84710, * 6-7 (D.N.J. Aug. 2, 2011) (*citing Diocese of Metuchen v. Prisco & Edwards, AIA*, 374 N.J. Super. 409, 417-418 (App. Div. 2005). In such an instance, the plaintiff is required to file an AOM, thereby fulfilling the purpose of the AOM Statute. *Ibid.*

Here, as noted above, the purpose of the AOM Statute has been satisfied given that Plaintiff filed two AOMs with the original complaint. Moreover, LabCorp's indemnity and contribution claims against Dr. Hall and SPC are similar to the claims brought by the third-party plaintiff in *Metuchen*, as LabCorp's claims merely "seek[] to pass plaintiff's claims through" to Dr. Hall and SPC rather than to assert new affirmative claims for malpractice or negligence against Dr. Hall or SPC. *Id.* at 418.

Accordingly, LabCorp is not required to file an AOM in support of its Third-Party Complaint against Dr. Hall and SPC.

IV.

For the reasons stated above, Dr. Hall's and SPC's motion to dismiss LabCorp's Third-Party Complaint (ECF No. 55) is denied.

<u>s/Peter G. Sheridan</u><br>
PETER G. SHERIDAN, U.S.D.J.

February 26, 2013